IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JACQUELINE JONES, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>I.Q. DATA INTERNATIONAL, INC., and THE RELIANT GROUP, LLC, d/b/a THE COURTYARDS,<br><br>    Defendants. | No.  1:14-cv-00130-PJK-RHS |

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO STRIKE OFFERS OF JUDGMENT

    THIS MATTER comes on for consideration of Plaintiff's Motion to Strike IQ Data International, Inc.'s Offers of Judgment filed April 1, 2014.  Doc. 11.  Upon consideration thereof, the motion is not well taken at this time and is denied without prejudice.

    (1) On February 11, 2014, Plaintiff filed a class action complaint under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Doc. 1 at ¶ 1.  Plaintiff alleges that Defendant I.Q. Data attempted to collect a debt owed by Plaintiff's friend from Plaintiff and allegedly placed calls to Plaintiff's cellular telephone using an automatic dialing system.  Doc. 1 at ¶¶ 14-18.   Plaintiff seeks statutory damages under the FDCPA

and TCPA and treble damages under the TCPA.  Doc. 1 at 10-11.  Plaintiff has not yet moved for class certification.

(2) As permitted by Fed. R. Civ. P. 68, Defendant I.Q. Data served Plaintiff with an initial offer of judgment on March 20, 2014, and then a corrected offer of judgment on March 21, 2014.  Defendant I.Q. Data did not file either offer of judgment with the court and would not do so until accepted.  See Fed. R. Civ. P. 68(a).  Plaintiff did not accept Defendant's offer within Rule 68's 14-day period.  See id.  Rather, on April 1, 2014, Plaintiff filed a motion to strike the offers, arguing that the offers attempt to "pick off" her as the class representative by forcing her to choose between accepting the offer to the detriment of class members she seeks to represent or proceeding with potential liability for costs incurred after the offer.  Doc. 11 at 1-2.  Plaintiff attached both offers to her motion to strike.  Docs. 11-1, 11-2.

(3) Defendant I.Q. contends that Rule 12(f) does not authorize the striking of documents not filed with the court and to strike its offer of judgment would be tantamount to declaring Rule 68 inapplicable to a putative class action.  Doc. 13 at 3-5.

(4) In Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1240-41, 1250 (10th Cir. 2011), the Tenth Circuit held that a named plaintiff may still seek class certification notwithstanding a Rule 68 offer of judgment for the full amount of the individual plaintiff's monetary claim, so long as there is no undue delay in plaintiff's filing a motion for class certification.  In so holding, the Lucero court recognized that a nascent interest attaches to the proposed class (prior to any class certification motion)

such that a rejected offer of judgment by the named plaintiff does not moot the case. Id. at 1249.

(5) The Lucero court also recognized that the practicability of filing an early motion for class certification varies widely, id. at 1244-45, whereas a Rule 68 offer of judgment to the named plaintiff may come before a court has had a reasonable time to consider a certification motion, id. at 1248-49.

(6)  Consistent with the rationale in Lucero, the court appreciates the dilemma of forcing a named plaintiff to accept or reject a Rule 68 offer of judgment prior to a decision on class certification.  See Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1091 (9th Cir. 2011); Wrightsell v. Cook County, Ill., 599 F.3d 781, 783 (7th Cir. 2010); Sandoz v. Cingular Wireless L.L.C., 553 F.3d 913, 919-20 (5th Cir. 2008); Weiss v. Regal Collections, 385 F.3d 337, 345-46 (3d Cir. 2004); see also Deposit Guar. Nat'l. Bank v. Roper, 445 U.S. 326, 339 (1980); but see Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011).  Thus, assuming the named plaintiff files a timely motion for class certification after a Rule 68 offer of judgment, the certification motion will relate back to the date of the initial complaint. Sandoz, 553 F.3d at 920-21, Weiss, 385 F.3d at 347-49.  Accordingly, within fourteen days of a decision on a reasonably prompt motion for class certification, the Plaintiff may accept or reject Defendant I.Q. Data's offer.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Strike IQ Data International, Inc.'s Offers of Judgment filed April 1, 2014 ( Doc. 11) is denied without prejudice.

DATED this 23rd day of June 2014, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Anita M. Kelley, Law Office of Anita M. Kelley, Albuquerque, New Mexico, and Aaron D. Radbill, Greenwald Davidson PLLC, Boca Raton, Florida, for Plaintiff.

Kevin D. Pierce and Jennifer Anderson, Modrall Sperling Roehl Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendant I.Q. Data International.