UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Jacqueline Jones, *on behalf of herself
and others similarly situated*,

        Plaintiff,

vs.                                               Case No. 1:14-cv-00130-PJK-RHS

I.Q. Data International, Inc.

        Defendant.

### ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

The parties to this matter reached a proposed settlement, and accordingly seek preliminary approval of their proposed settlement.

This Court heard argument on the plaintiff's unopposed motion to preliminarily approve the parties' class action settlement filed March 9, 2015 (Doc. 53) on Thursday, April 16, 2015.

Having considered the parties' motion, this Court preliminarily approves the parties' proposed settlement.

The Court also preliminarily finds that this matter meets the requirements for class certification under Federal Rule of Civil Procedure 23. *See Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.").

This Court further finds that it may finally approve the parties' proposed settlement, as it is fair, adequate, and reasonable, and because the parties reached their proposed agreement as a result of intensive, non-collusive, arms-length negotiations. *See* Fed. R. Civ. P. 23(e)(2); *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) ("In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate.").

This Court will hold a fairness hearing on Monday, September 21, 2015, at 10:00 a.m., in the Rio Grande Courtroom (Third Floor) of the United States District Court for the District of New Mexico, Albuquerque Division, located at 333 Lomas Blvd. N.W., Albuquerque, NM 87102, to determine whether this Court should finally approve the parties' proposed settlement, and to resolve all related matters.

This Court approves, as to form and content, the parties' proposed notice of class action settlement, found at Doc. 53-1 at 17-23 and Doc. 57-1 with the following additions: (1) time to file a claim or opt out, (2) designated website address, and (3) time, date, and location of the final fairness hearing.

This Court orders that the notice of class action settlement must be distributed as follows:

Not later than thirty days following the Preliminary Approval Date The ILYM Group, Inc. ("ILYM"), will mail the Class Notice and a claim form to each Class Member at the most current addresses reflected in Defendant's records for each Class Member.

Before mailing the Class Notice and a claim form ILYM will confirm and, if necessary, update the addresses for the Class Members through the standard methodology it currently uses to update addresses, including attempting to identify the name and address of each Class Member based on the telephone number identified for each Class Member.

The envelopes in which ILYM mails the Class Notice and a claim form to the Class Members must include a notation requesting address correction. If any notice is returned with a new address ILYM must resend the Class Notice and a claim form to the new address. For any Class Member whose Class Notice and claim form is returned without a forwarding address, ILYM must run the Class Member's name through a national change of address database in an effort to obtain a good address. If ILYM obtains a new address by doing so it must send the

Class Notice and a claim form to the new address. ILYM is not responsible for the postal service's failure to timely deliver the Class Notice and a claim form to a particular Class Member. ILYM will not have any obligation to resend any Class Notice and claim form that is not returned by the postal service before the Final Fairness Hearing.

Not later than thirty days following the Preliminary Approval Date, ILYM will build and maintain a dedicated website (www. jonesiqtcpasettlement.com) that includes downloadable information and documents necessary to file a claim. At a minimum, the downloadable information and documents must include the Settlement Agreement, the Class Notice, a claim form, the Order Preliminarily Approving the Class Settlement, Plaintiff's class action complaint, and when filed, the Final Order and Judgment.

This Court finds that the parties' proposed notice of class action settlement, and the ordered distribution thereof, meets the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it is the best practicable notice under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement.

This Court finds that the parties' proposed notice of class action settlement is adequate and will give all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it. *See DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) ("[O]ur precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'") (quoting *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001)).

For purposes of effectuating the parties' proposed settlement, this Court preliminarily certifies the following settlement class:

> All persons and entities throughout the United States (1) to whom I.Q. Data International, Inc. made or caused to be made calls, (2) directed to a number assigned to a unique cellular telephone, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from February 11, 2010 through February 11, 2014.

Excluded from the Class are:

a. Any person who is subject to an already existing and applicable release;

b. Any person who is deceased;

c. Any person who has filed for bankruptcy protections under Title 11 of the United States Code; and

d. Any person who timely mails a request to exclude himself or herself from the Class.

Also for purposes of effectuating the parties' proposed settlement, this Court appoints Jacqueline Jones as a class representative, and the following attorneys and law firm as class counsel:

> Aaron D. Radbil
> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Rd., Suite 500
> Boca Raton, FL 33431

*See Esposito v. Deatrick & Spies, P.S.C.*, No. 7:13-CV-1416 GLS/TWD, 2015 WL 390392, at *2 (N.D.N.Y. Jan. 28, 2015) ("[T]he Court certifies . . . Greenwald Davidson Radbil PLLC as Class Counsel."); *Green v. Dressman Benzinger Lavelle, PSC*, No. 1:14-CV-00142-SJD, 2015 WL 223764, at *2 (S.D. Ohio Jan. 16, 2015) (". . . Greenwald Davidson PLLC is certified as Class Counsel."); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) ([T]he Court certifies . . . Greenwald Davidson Radbil PLLC as

Class Counsel."); *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014) ([T]he Court certifies . . . Greenwald Davidson PLLC as Class Counsel.").

Any class member who wishes to exclude himself or herself from the class action settlement must mail a written request for exclusion to Class Counsel and to counsel for Defendant, postmarked no more than ninety days after the Preliminary Approval Date. Through a request for exclusion, a Class Member must include his or her:

   a. Full name;

   b. Address;

   c. Telephone number; and

   d. A statement that he or she wishes to be excluded from the class action settlement.

Any Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of this Agreement

Any class member who wishes to object to the class action settlement must mail a written notice of objection to Class Counsel, to counsel for Defendant, and to the court, postmarked no more than ninety days after the Preliminary Approval Date. Through his or her notice of objection, a Class Member must include his or her:

   a. Full name;

   b. Address;

   c. Telephone number;

   d. A statement of the objection;

   e. A detailed description of the facts underlying the objection;

   f. A detailed description of the legal authorities that support each objection;

g. A statement noting whether the Class Member intends to appear at the fairness hearing;

h. A list of all witnesses that the Class Member intends to call by live testimony, deposition testimony, or affidavit or declaration testimony, and

i. A list of exhibits that the Class Member intends to present at the Final Fairness Hearing.

Class Members who do not submit a valid and timely objection will be barred from seeking review of the proposed class action settlement by appeal, or otherwise.

This order should not be construed as, or deemed to be, evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than settlement.

If the parties' settlement agreement is terminated pursuant to its terms, or if this Court does not finally approve the parties' proposed settlement, Plaintiff and Defendant will be returned to the position they were in prior to execution of their settlement agreement, with the same *status quo* rights and interests as they had prior to execution their settlement agreement.

IT IS SO ORDERED.

Dated: April 21, 2015.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by designation