# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Jacqueline Jones, *on behalf of herself
and others similarly situated*,

        Plaintiff,

vs.                                      Case No. 1:14-cv-00130-PJK-RHS

I.Q. Data International, Inc.

        Defendant.

## FINAL ORDER AND JUDGMENT

On January 14, 2015, the parties reached a settlement agreement as a result of intensive, non-collusive, arms-length negotiations.

On March 9, 2015, Plaintiff filed her unopposed motion to preliminarily approve the class action settlement. Doc. 53.

On April 21, 2015, this Court granted Plaintiff's unopposed motion to preliminarily approve the class action settlement. Doc. 59.

On May 1, 2015, the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 was served.

On May 21, 2015, notice of the parties' class action settlement was distributed, as ordered.

On September 2, 2015, Plaintiff filed her unopposed motion to finally approve the class action settlement, and her unopposed motion for attorneys' fees, costs, expenses, and an incentive award. Docs. 60 & 61.

On September 21, 2015, at the U.S. District Court in Albuquerque, New Mexico, this Court held a fairness hearing regarding the parties' class action settlement.

Having considered Plaintiff's pending motions, this Court grants them and finally approves the class action settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court further certifies the following class, for settlement purposes, under Federal Rule of Civil Procedure 23:

> All persons and entities throughout the United States (1) to whom I.Q. Data International, Inc. made or caused to be made calls, (2) directed to a number assigned to a unique cellular telephone, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from February 11, 2010 through February 11, 2014.

*See Grady v. de Ville Motor Hotel, Inc.*, 415 F.2d 449, 451 (10th Cir. 1969) ("It is well settled, as a matter of sound policy, that the law should favor the settlement of controversies, and should not discourage settlement by subjecting a person who has compromised a claim to the hazard of having the settlement proved in a subsequent trial of another law suit by another person asserting a claim related to the controversy settled."); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context." (quoting *In re Paine Webber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998))); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement."); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . .").

This Court finds that this matter meets the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

1. The Class Members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the Class Members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court also appoints Jacqueline Jones as a class representative, and the following attorneys and law firm as Class Counsel:

> Aaron D. Radbil
> Michael L. Greenwald
> Greenwald Davidson Radbil PLLC
> 5550 Glades Rd., Suite 500
> Boca Raton, FL 33431

*See Esposito v. Deatrick & Spies, P.S.C.*, No. 7:13-CV-1416 GLS/TWD, 2015 WL 390392, at *2 (N.D.N.Y. Jan. 28, 2015) ("[T]he Court certifies . . . Greenwald Davidson Radbil PLLC as Class Counsel."); *Green v. Dressman Benzinger Lavelle, PSC*, No. 1:14-CV-00142-SJD, 2015 WL 223764, at *2 (S.D. Ohio Jan. 16, 2015) (". . . Greenwald Davidson PLLC is certified as Class Counsel."); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) ([T]he Court certifies . . . Greenwald Davidson Radbil PLLC as Class Counsel."); *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014) ([T]he Court certifies . . . Greenwald Davidson PLLC as Class Counsel.").

This Court approves the terms of the class action settlement, the material terms of which include, but are not limited to:

Defendant will establish a settlement fund in the amount of $1,000,000. Out of the settlement fund, Defendant will pay:

a. Damages to Plaintiff and the Class Members, in the amount of $568,214.40.

b. The costs and expenses of administrating the class action settlement, in the amount of $98,120.59.

c. An award of attorneys' fees to Class Counsel, in the amount of $300,000.00.

d. Costs and expenses that Plaintiff and Class Counsel incurred litigating this matter, in the amount of $13,665.01.

e. An incentive award to Plaintiff, in the amount of $20,000.00.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e), that it was the best practicable notice under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement. *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) ("[O]ur precedent focuses upon whether the district court gave 'the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.'" (quoting *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001))).

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all Class Members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that parties' settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members. *See Jones v. Nuclear Pharmacy, Inc.*,

4

741 F.2d 322, 324 (10th Cir. 1984) ("In assessing whether the settlement is fair, reasonable and adequate the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.").

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. And the class members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this order. There are three such persons: Amanda Schuchart, Debra Perrodin, and Nancy Schreiber.

This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the settlement.

This Court approves the individual and class releases set forth in the parties' class action settlement agreement. The Released Claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This court retains continuing and exclusive jurisdiction over the parties and all matters

relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: September 23, 2015 at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

6